ams
# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CLIFFORD SCHMIDT and DEBORAH SCHMIDT, ) ) ) Plaintiffs, ) ) vs. ) ) GROENDYKE TRANSPORT, INC., ) ) Defendant. ) ) | Case No. 08-2015-JAR |

## **MEMORANDUM AND ORDER GRANTING MOTION TO REMAND**

This case was originally filed by plaintiffs in Wyandotte County, Kansas District Court and was removed by defendant Groendyke Transport, Inc. ("Groendyke") to federal court on July 23, 2007. The case was assigned to Judge Lungstrum and on October 4, 2007, he remanded the case back to state court for lack of subject matter jurisdiction.[1] Defendant again removed the case to this Court on January 7, 2008, and plaintiffs have again moved for remand and for an award of attorney's fees (Doc. 5). As explained more fully below, the Court grants plaintiffs' motion to remand but denies their request for attorney's fees.

**I.    Background**

On October 11, 2007, defendant filed a Request for Specific Pleading of Unliquidated Damages pursuant to Kan. S. Ct. R. 118. Under Rule 118,

> the party against whom relief is sought may serve on the party
> seeking relief a written request of the actual amount of monetary
> damages being sought in the action. Within ten (10) days following
> service of the request, the party seeking relief shall serve the

---

[1] *Schmidt v. Groendyke Transp., Inc.*, Case No. 07-2325-JWL, Doc. 11.

> adversary with a written statement of the total amount of monetary
> damages being sought in the action and at the same time shall
> cause a copy of the written statement to be filed in the action.

On October 23, 2007, plaintiffs filed a Statement of Unliquidated Damages, claiming damages of $3,859,050, exclusive of punitive damages.[2]

In early November 2007, counsel discussed the need for both parties to submit amended pleadings.[3] Plaintiffs' counsel sought to amend the Petition to comply with K.S.A. § 60-208 by indicating plaintiffs were claiming more than $75,000 in damages. Defendant's counsel sought to amend the Answer to address certain counts of the Petition that had not been addressed in the original Answer. The parties thereby agreed to allow each other to amend their respective pleadings. A "Consented Motion to Amend Pleadings" was filed on November 28, 2007, along with a proposed First Amended Petition. Although defendant acknowledges that it received an unsigned copy of the proposed First Amended Petition in late-November, it contends that it did not receive service of a signed, file-stamped copy until January 2008. Plaintiffs removed the case on January 7, 2008.

## II.     Analysis

"The district courts of the United States . . . are 'courts of limited jurisdiction. They possess only that power authorized by Constitution and statute.'"[4] A civil action is removable only if plaintiffs could have originally brought the action in federal court.[5] The court is required to remand "[i]f at any time before final judgment it appears that the district court lacks subject

---

[2](Doc. 1, Ex. B.)

[3](Doc. 5, Ex. 1.)

[4]*Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

[5]28 U.S.C. § 1441(a).

matter jurisdiction."[6] The rule is inflexible and without exception, and requires a court to deny its jurisdiction in all cases where such jurisdiction does not affirmatively appear in the record.[7] As the parties invoking federal jurisdiction, defendant bears the burden of proving the requirements of federal jurisdiction.[8] Jurisdiction based on diversity of citizenship exists when a dispute between citizens of different states involves an amount in controversy exceeding $75,000.[9] Plaintiffs do not dispute in their motion to remand that the Court has subject matter jurisdiction. Instead, plaintiffs claim procedural defects in the removal; namely, that the notice of removal was untimely filed and that it is based on the same grounds as the first notice of removal.

Under 28 U.S.C. § 1446(b), a notice of removal must be filed within thirty days:

> after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

---

[6] 28 U.S.C. § 1447(c).

[7] *Schecher v. Purdue Pharma L.P.*, 317 F. Supp. 2d 1253, 1257 (D. Kan. 2004) (citing *Ins. Corp. of Ireland, Ltd. v. Compangnie des Bauxites de Guinee*, 456 U.S. 684, 702 (1982)).

[8] *In re Adoption of Baby C.*, 323 F. Supp. 2d 1082, 1084 (D. Kan. 2004) (citation omitted), *aff'd sub nom. Baby C. v. Price*, 138 F. Appx. 81 (10th Cir. 2005).

[9] 28 U.S.C. § 1332(a).

As Judge Lungstrum found, the initial pleading in this case is not removable because it does not establish the amount in controversy requirement for diversity jurisdiction.  Plaintiffs argue that under the second paragraph of § 1446(b), the removal is untimely because defendant was on notice that the case became removable more than thirty days before it filed the instant notice of removal on January 7, 2008.   Plaintiffs point to the Statement of Unliquidated Damages they filed on October 23, 2007, claiming damages in the amount of $3,859,050.  Defendant argues that this document does not constitute "other paper" under the statute because it was not "voluntary."  Defendant urges that the 30-day clock did not begin to run until the signed Amended Petition was served on January 3, 2008, claiming damages in excess of $75,000.

Defendant first contends that the Statement of Unliquidated Damages could not be the "triggering event" for removability and that "absent proof of the Amended Petition, . . . the Defendant determined to remove the case once all pleadings were in order."  Under § 1446(b), the time from which a notice of removal must be filed does not begin until "the defendant is able 'to intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts.'"[10]  The statement should not be ambiguous or require extensive investigation to determine the truth.[11]

As the statute plainly states, notice can be provided by either an amended pleading or "other paper."  A number of courts have found statements of damages, either filed or in the form of correspondence, to constitute "other paper" from which a defendant would first ascertain

---

[10] *Huffman v. Saul Holdings L.P.*, 194 F.3d 1072, 1078 (10th Cir. 1999) (quoting *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979)).

[11] *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1035 (10th Cir. 1998).

removability.[12]  In fact, as Judge Lungstrum has noted, "Rule 118 statements normally provide a method for establishing federal jurisdiction, or lack thereof, . . ."[13]  The Court finds that plaintiffs' Rule 118 statement constitutes "other paper" under the statute.  The Court further finds that defendant was able to intelligently ascertain removability from this document, as it specified an amount of unliquidated damages that far exceeded the $75,000 amount in controversy requirement.  This statement is neither ambiguous, equivocal, nor in need of further investigation to determine the truth.  Indeed, defendant attached the document to its notice of removal as evidence that the amount in controversy exceeds $75,000, and the notice of removal cites this document as evidence that the amount in controversy requirement is met.[14]

Defendant argues that the statement of damages was not voluntary because it was only filed in response to a request filed by defendant.  Defendant is correct that "the circumstances permitting removal must normally come about as a result of a voluntary act on the part of the plaintiff."[15]  A voluntary act of the plaintiff is one "which effects a change rendering a case subject to removal (by defendant) which had not been removable before the change."[16]

---

[12]*See Hall v. Delta Air Lines, Inc.*, 340 F. Supp. 2d 596, 599 (D.V.I. 2004);  *Vartanian v. Terzian*, 960 F. Supp. 58, 62 (D.N.J. 1997); *Essenson v. Coale*, 848 F. Supp. 987, 990 (M.D. Fla. 1994); *Rahwar v. Nootz*, 863 F. Supp. 191, 192 (D.N.J. 1994); *Modica v. Home Depot*, No. 06-5307, 2007 WL 1231793, at *2 (D.N.J. Apr. 23, 2007); *cf. CST Indus. v. Randall*, No. 04-2334-JWL, 2004 WL 2282906, at *4 (D. Kan. Oct. 6, 2004).

[13]*CST Indus*, 2004 WL 2282906, at *4.

[14]Defendant suggests that removal would have been inappropriate nonetheless because of the parties' discovery of defects in the pleadings and the pending Motion for Judgment on the Pleadings.  But it is clear from plaintiffs' Exhibit 1 that the parties had discussed and were both aware as of November 14, 2007 that plaintiffs' intended to amend the petition to state a prayer for relief in excess of $75,000 and they planned to withdraw the Motion for Judgment on the Pleadings and accept defendant's amended answer.  The Court is unable to find, given this evidence, that defendant was unable to ascertain removability in accord with the statute.

[15]*Huffman*, 194 F.3d at 1078.

[16]*DeBry v. Transamerica Corp.*, 601 F.2d 480, 487 (10th Cir. 1979).

5

> It is logical to conclude, from a reading of the mentioned treatises, that the underlying policy problem is avoidance of manipulation of a jurisdictional change by a defendant. Obviously the defendant in our case, although he acted to remove very quickly once the notice was given, had nothing to do with creating the condition that gave rise to the removal. It was the plaintiff's act which gave rise to the removal.[17]

The Court sees no difficulty in holding that filing the statement of damages was a voluntary act by plaintiffs under the test enunciated above. The case was not removed due to evidence submitted by defendant or based on a court order.[18] It was plaintiffs' act of filing the damages statement specifying the amount of unliquidated damages that gave rise to the removal.

Finally, the Court addresses defendant's assertion in its response that the untimeliness of the filing of the notice of removal is not a bar to removal under *Huffman v. Saul Holdings*.[19] The quotation cited in defendant's response brief is taken out of context. After concluding that the district court had erred in not finding the notice of removal untimely in that case, the Tenth Circuit considered whether the error required remand to state court given that subject matter jurisdiction existed at the time the district court entered *judgment*.[20] This analysis applies in the cases where there is an ensuing adjudication—either by trial or dispositive motion.[21] Because this case has not proceeded to judgment, such an analysis is inappropriate.

Plaintiffs ask the Court for an award of attorneys' fees and costs incurred as a result of

---

[17]*Id.* at 488.

[18]*Id.* (providing that examples of involuntary act of plaintiff included evidence submitted by defendant or a court order on the merits).

[19]194 F.3d 1072 (10th Cir. 1999).

[20]*Id.* at 1079–80.

[21]*Id.* at 1079.

the improper removal of this case. Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Martin v. Franklin Capital Corp*[22] sets out the appropriate standard for awarding such fees under the statute:

> Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees. When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under § 1447(c).[23]

The Court is unable to find that defendant lacked an objectively reasonable basis for removal and thus, denies plaintiffs' request for attorneys' fees.[24]

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiffs' Motion to Remand (Doc. 5) is **granted**. The case shall be remanded back to the Wyandotte County District Court.

**IT IS SO ORDERED**.

Dated this  19th   day of May 2008           S/ Julie A. Robinson
                                              Julie A. Robinson
                                              United States District Judge

---

[22]126 S. Ct. 704 (2005).

[23]*Id.* at 711 (citations omitted).

[24]Defendant suggests in its response that plaintiffs are in violation of Fed. R. Civ. P. 11. The Court recommends defense counsel carefully review this rule. Allegations that a party or attorney has violated Rule 11(b) are taken seriously by the Court and are subject to sanctions as set forth in Rule 11(c). If defendant or defense counsel believes that plaintiffs or plaintiffs' counsel have violated Rule 11(b), a *separate* motion for sanctions must be filed in accordance with Rule 11(c)(2).